## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District | Eastern |
|---|---|---|

| Name (under which you were convicted):<br>George Wells | Docket or Case No.:<br>03CR-6184 |
|---|---|

| Place of Confinement:<br>Potosi Correctional Center | Prisoner No.:<br>1122956 |
|---|---|

| Petitioner (include the name under which you were convicted)<br><br>George Wells | v. | Respondent (authorized person having custody of petitioner)<br><br>Troy Steele |
|---|---|---|

The Attorney General of the State of Missouri, Chris Koster

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____
    The Circuit Court of St.Louis County, Clayton Missouri 63105

    (b) Criminal docket or case number (if you know): 03CR-6184

2.  (a) Date of the judgment of conviction (if you know): January 13, 2005

    (b) Date of sentencing: March 18, 2005

3.  Length of sentence: Life and Twenty Five Years

4.  In this case, were you convicted on more than one count or of more than one crime? Yes ☒  No ☐

5.  Identify all crimes of which you were convicted and sentenced in this case: 2nd     Degree
    Murder; 2 Counts of Armed Criminal Action; Attempted Armed Robery

6.  (a) What was your plea? (Check one)

    (1)   Not guilty ☒          (3)   Nolo contendere (no contest) ☐

    (2)   Guilty ☐              (4)   Insanity plea ☐

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
    charge, what did you plead guilty to and what did you plead not guilty to?_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒          Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?

Yes ☒   No ☐

9. If you did appeal, answer the following:

(a) Name of court: __Missouri Court of Appeals, Eastern District__

(b) Docket or case number (if you know): **ED86060**

(c) Result: __Conviction Affirmed__

(d) Date of result (if you know): May 23, 2006

(e) Citation to the case (if you know): 192 S.W.3d. 505

(f) Grounds raised: __Inadmissible Hearsay Evidence__

(g) Did you seek further review by a higher state court?   Yes ☐   No ☒

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: St.Louis County Circuit Court

(2) Docket or case number (if you know): 09SL-CC04724

(3) Date of filing (if you know): February 11, 2010

(4) Nature of the proceeding: Post Conviction Relief

(5) Grounds raised: Ineffective Assistance of Trial Counsel, Failure to call Alibi Witness; Failure to Object to Uncharged Crimes and Bad Acts Evidence; Failure to Object to Improper Cross Examination of Defense Witness; Failure to Subpoena or Call Witnesses who Confessed to the crime

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?        Yes ☒    No ☐

(7) Result: Denied

(8) Date of result (if you know): October 30, 2010

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?     Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?     Yes ❑ No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:     Yes ❑   No ❑

(2)  Second petition:     Yes ❑   No ❑

(3)  Third petition:     Yes ❑   No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _____ See Attachment for all claims presented for relief_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____
_____ All claims for relief have been presented tot he state courts.

_____

_____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ❏

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____ Each claim for relief properly identifies at which point the claim
_____ was raised in the state courts. _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?              Yes ❏   No ❏

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion or petition?

    Yes ❏   No ❏

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ❑   No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑   No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

GROUND THREE: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏ No ❏

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ❏    No ❏

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ❏    No ❏

(4) Did you appeal from the denial of your motion or petition?

Yes ❏    No ❏

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏    No ❏

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?       Yes ❑ No ❑

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion or petition?

        Yes ❑   No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     Yes ❑   No ☒

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

 Counsel stated he did not see that it was necessary to do so.

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: __NONE_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ❑   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?　　Yes ❑　　No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Krisstire A. Kerr - State Public Defender_____

_____

(b) At arraignment and plea: _Charlton Chastain_____

_____

(c) At trial: _Charlton Chastain_____

_____

(d) At sentencing: _Charlton Chastain_____

_____

(e) On appeal: _N. Scott Rosenblum and Mark W. Lyons_____

_____

(f) In any post-conviction proceeding: _Timothy Forneris_____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _Timothy Foreris_

_____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?　　　　　Yes ❑　　No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     Yes ❏  No ☒

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*   This Petition is Timely. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: **Reverse and Remand for a New Trial, and/or Any Other Relief this Court Deems Just and Appropriate.**

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on

**12 - 3 - 12** _____ (month, date, year).

Executed (signed) on **12 - 3 - 12** _____ (date).

_____
Signature of Petitioner

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## CLAIMS FOR RELIEF

A) Petitioner was denied his right to due process, his right to a defense, his right to effective assistance of trial counsel in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in that, trial counsel was ineffective because trial counsel failed to subpoena and call Mark Jackson and Dominique as alibi witnesses at trial, as raise in Petitioner's state post-conviction proceedings.

B) Petitioner was denied his right to due process, his right to a fair trial, and his right to effective of trial counsel in violation of the Fifth, Sixth, Fourteenth Amendments to the United States Constitution, in that, trial counsel was ineffective for failing to provide a redacted copy of Arvette Ford's written statement that excluded the statement that excluded Petitioner had been locked up in Pagedale which constituted uncharged and prior bad acts evidence, as raise in Petitioner's state post-conviction proceedings.

C) Trial counsel was ineffective for failing to object during the state's crossexamination of Shaun Black when the state asked him if he realized the state's evidence was that the victim's girlfriend testified she came face to face with Petitioner, as raise in Petitioner's state post-conviction proceedings.

D) Petitioner was denied his right to due process, his right to present a defense, his right to a fair trial and his right to effective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in that, trial counsel was ineffective because trial counsel failed to subpoena and call, Richard Allen, Leroy Hulsey, Antoine Hayes, Travis Wallace, Brad Hale, and Tyrone Boyd as witnesses at trial, as raise in Petitioner's state

post-conviction proceedings.

E) The trial court abused its discretion in overruling Petitioner's objection to the hearsay testimony of Darryl Lewis which included inculpatory statements by Petitioner allegedly made to Darryl Lewis which fell under no recognized exception to the hearsay rule, and substantially prejudiced Petitioner in violation of his rights as protected by the Fifth and Fourteenth Amendments to the united States Constitution, as submitted in Petitioner's state direct appeal proceedings.