IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GEORGE WELLS )
)
Petitioner )
RECEIVED )
)
v. MAY 1 3 2013 ) No. 4:12-CV-2295-CDP
)
BY MAIL ) ECF
)
TROY STEELE )
)
Respondent. )

Petitioners Traverse/Reply
To Respondents Show Cause ORDER/Asserting
WHY A WRIT OF HABEAS Corpus SHould Be Granted


Statement of Custody and Parties


Petitioner George Wells is incarcerated at the
Potosi Correctional Center in Mineral Point, Missouri.
A jury found Petitioner guilty of murder in the
second degree and armed criminal action, and
the court sentenced Petitioner to concurrent -
terms of life imprisonment. The jury also found
Petitioner guilty of attempted robbery in the first degree
and armed criminal action, and the court sentenced
Wells to concurrent terms of fifteen years and -
twenty years' imprisonment, with sentences running -
consecutively to the other two sentences. Petitioner
is serving these sentences.

Troy Steele, Warden of the Potosi Correctional Center, is likewise the Custodian to petitioner And is the proper respondent unde 28 U.S.C § 2254, Rule 2(A)

## Petitioners Exhibits

Petitioner Ask, if it shall please the court, that Petitioner be Allowed to reference the respondent's Exhibits in efforts not to inundate the court with the same documents Already currently before it. And, the petitioner Assures the Court, that no reference to Any other document shall be made. Only what the (respondent) has marked A-M, shall be used in point of reference.
And each reference shall Correspond directly to the lettered Exhibits aforementioned.

WEREFORE, Petitioner prays this humble request be granted.

## Petitioners Grounds Raised

Petitioner raised five grounds in his petition for Federal Habeas Corpus relief.

2

All for which, Are Constitutional in nature. four Asserting ineffective assistance by trial Counsel and one asserting trial court error.

Ground five, Petitioner Alleges trial court error. The trial court improperly admitted hearsay testimony into evidence.

Ground four, Counsel was ineffective for failing to subpoena Known available witnesses - And Conduct A proper investigation as to the usefulness of said witnesses. Thus prejudicing the Petitioner.

Ground three, Counsel was ineffective for failing to object the states illicit and improper cross - examination of (Shaun Black) Asking him to pass-judgement on state's witness (Marquitta Harris) And the States evidence against Petitioner at trial.

Ground two, Counsel was ineffective for failing to provide a redacted copy of Aruetta Ford's written statement that eveluded that petitioner had been locked up in Pagedale jail, which Constituted uncharged crimes And prior bad acts

3

Especially when a motion to "limime" was in place.

Ground one) Counsel was ineffective for failing to subpoena and call, Mark Jackson and Dominique Nettles as available and willing alibi witnesses Thus, prejudicing the petitioner.

Summary of Case

I. PROCEDURAL HISTORY

The State charged petitioner with murder in the second degree, attempted robbery in the first degree, and two counts of armed criminal action arising from the shooting death of Rodney Marshall during allegedly a fail robbery attempt. See (Petitioner direct appeal legal file.) Ex. E

On direct appeal, Petitioner that the trial erred in allowing Darryl Lewis to testify about a conversation that he and Petitioner and Michael Adams had. Contending that the (Lewis) testimony was indeed hearsay. (See, Petitioner's brief on direct appeal.) Ex. F

In Petitioner's amended post-conviction motion, Petitioner raised four claims. First, claim was ineffective trial counsel, for not calling alibi witnesses Mark Jackson and Dominique Nettles. (See Petitioners post-conviction appeal legal file. Ex J) pg 18-19, 23-31

Second, Petitioner claimed that trial counsel was ineffective in failing to redact a statement by Arvette Ford to remove a comment she made about Petitioner being locked up in a police department and for failing to object to other evidence of unrelated arrests (Respondent's Ex J pg 19-20, 31-39.)

Third, Petitioner contends that trial counsel was ineffective in failing to object when the State ask Shawn Black to pass judgement on the testimony of other witnesses, and, the States' evidence against Petitioner at trial, during the States Cross-examination of him. See Ex J pgs 20-21, 39-51. Lastly, Petitioner asserted that trial counsel was ineffective for failing to call Richard Allen, Leroy Husley, Antoine Hayes, Travis Wallace, Brad Hale, and Jerome Boyd to testify that Petitioner was not the person who shot Mr. Marshall. Seeing how that Richard Allen and Leroy Husley were the two who confessed to shooting Marshall. See petitioners-post-conviction appeal legal file. Ex J

5

## II History of the Offense

On December 11, 2003 At or Around 7:00 or 7:20 pm Rodney Marshall and his girlfriend Marquitta Harris drove to her apartment. See Respondents Ex B pg 230-251, 256-258. After parking Rodney's car. Harris got her daughter out the back Seat of the Car and SAt her down. Shania (her daughter) then took off running towards An individual who was walking towards them. See Ev B pgs 261-62. Whom She later describe to be between 6 foot to 6 foot 2 An height black male. Harris said Shania "almost" ran into the Man who She had run towards See Respondents Ev B pg 264. When She looked up, the Man who was walking towards her, was now standing next to their Car and allegedly brandishing a weapon at Marshall (Respondents Ev B page 270-72) A struggle ensued between Rodney And the Man. Whom week's later Harris identified As petitioner (Wells) Respondents Ex B pgs 287-88. Harris thought She had seen the first shot, but said she could have looking

6

towards Rodney when she heard the first shot,
but was not sure.. Respondents Ex B pgs 329-30
Harris never saw any of the other shots.. Ex B
329. Harris later identified the second man on
parking lot as Jerrick Jackson as look-out the
she allegedly saw. This identification was made
more than a month later. Respondents Ex B pgs
292-97, 389-94.

Respondents reason for denial/And Arguement

As to Ground one,

The Respondent argues that Petitioner failed to
demonstrate prejudice or (incompetence) from the failure
to call Mark and Ms Nettles. And that the proposed
testimony from Marks and Ms. Nettles was cumulative
to the other witnesses At trial as determined
by the motion Court. And under 28 U.S.C. § 2254(d)
this Court defers to the decision of the State
Court unless that decision was contrary to or
involved an unreasonable application of federal law
as determined by the United States Supreme
Court, or involved an unreasonable determination of
facts.

7

And in light of a perceived Contradiction between the two (uncalled) witnesses, the state court did not unreasonably determine the facts or misapply the law, that Petitioner failed to demonstrate reasonable probability that results in a new trial, had Mark and Ms Nettles been Called.

## Ground Two

Respondent argued that Petitioner failed to demonstrate that he was prejudiced by Counsels failure to object to the reading of Aruette Fords written Statement about Petitioner having "gold grills" and had been locked up before by the police department that She worked for. And that failing to object or request a redaction of Ford's written Statement. Nor was Petitioner — prejudiced by Counsle failing to object to testimony from Darrly Lewis "stating that petitioner and Adams had told him that they had been locked up "in different jails". And that the Statement by Jerrick Jackson in video Confession - that referenced Petitioner

having been locked-up before, was harm-less and isolated, Noting that Petitioner testified to having pled guilty to A felony at trial. And under 28 U.S.C § 2254(d), this Court defers to the decision of the State Court unless that decision was contrary to or involved an unreasonable application of federal law as determined by the United States Supreme Court, or involved an unreasonable determination of facts. For which, the Respondents Contends were not the case in this matter. And the State's Court resonably applied governing Standard and resonably determined relevant facts according to law.

Ground Three

The Respondent argued that the Petitioner was not prejudiced by Counsels failure to object to the states Asking defense witness (ShaunBlack) "did he realize what the state's evidence was". See Respondents Ev C pgs 563-65, because .. (Black) had opened the door for Such questioning, and questions merely duplicated information already before the jury. And trial Counsel's reason for not objecting

9

to non-damaging information to avoid emphasizing it was reasonable. Noting that, such evidence was already before the jury, failure to object did not prejudice Petitioner.

And the failure to overcome the presumption or demonstrate prejudice was the reason THE Missouri Court of Appeals rejected Petitioners claim. Concluding such evidence to be Already before the the court, and properly admitted earlier in the cas

Under 28 U.S.C § 2254(d), this court defers to the decision of the state court unless that decision was contrary to or involved an unreasonable, application of federal law as determined by the United States Supreme Court, or involved and unreasonable determination of the fact. And, that the State courts correctly stated the standard governing these claims.

Ground Four

Petitioner was not prejudice by counsels failure to call: Richard Allen, Leroy Husley, Antoine Hayes Travis Wallace, Brad Hale, and Jerome Boyd

Respondent Argues that Petitioners trial Counseler called Shaun Black who testified that he had not present in Maplewood at the time of the Murder. Respondent's Ev C pages 552-54. Adams And Lewis were Also called, And both testified to being with Petitioner up until about 7:00 pm Ev C, pg 577. And trial counsel in post-Conviction testimony, testified that he did not rememer the other men being mentioned. But did agree to the fact that their were in the reports. Respondents Ex J pgs 72-75

Respondent argues that the motion Court found that Petitioner failed to prove that these witnesses. would have testified At trial, and would have given favorable testimony. And because Brad Hale could not Identifiy the Shooter-Counsel not Calling him did not prejudice Petitioner. Likewise, The Appeals Court found that petitioner failed to demonstrate incompetence or prejudice from failure to Call Hale.

Review under 28 U.S.C § 2254 (d), this Court defers to the decision of the state court

11

unless that decision was contrary to or involved an unreasonable application of federal law as determined by the United States Supreme Court or involved unreasonble determination of facts. The motion Court and Missouri Court of Appeals resonably applied the governing Standard for this Claim and reasonbly determined relevant facts

Ground Five.

Petitioner claims that the court erred in allowing Darryl Lewis to testify to "hearsay statements" that included statements by Petitioner (Wells).

Respondent alleges that this claim is not cognizable for review, being that it involves a matter of state law. And that The court of Appeals found that the statement made about the money owed to (Wells) and Adams and their intention on collecting it, being taken as a (threat) by Lewis, was not offered for the truth of those statements and, therefore, was not hearsay. And that the "relevance objection" was meritless because

12

Wells (Petitioner) "desire to get money could"
be a motive for attempted robbery. Also
noted that with a handful of exceptions
(e.g., Confrontation Clause), rules of Evidence
are a matter of State law, not a matter of Constitutio-
nal significance. Citing Dowling v. United States,
493 U.S 342 (1989) Also Citing the Opinion of the
Eight Circuit "that not (every) violation of State
Evidentiary rules Constitutes a due process violation.
Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir 1995)
To constitute a due process violation, the alleged
improper evidence must be "So egregious that [it]
fatally infected the proceedings and rendered his
entire trial fundamentally unfair" Id.


Petitioners response and Arguements
In Support of All grounds Raised

" Presumption of Correctness "

In habeas proceeding in Federal court,
the factual finding of State Court are
presumed to be Correct and May be Set
aside "only if it was affected by procedural

13

Error" or if they are not fairly Supported by the record. Purkett v. Elam 514 U.S 765 769 (1995) "2254(d)(8)

Burden v. Zant, 498. U.S 433, 437(1991) (per curiam) ("A habeas Court may not disregard [ the presumption of correctness under 28 U.S.C § 2254(d) unless it expressly find that one of the numerated exceptions to § 2254(d) is met, and it explains the the reasoning an Support of that Conclusion. Court of Appeals failure to explain why it ignored State court favorable findings to petitioner requires reversal .. Sumner v. Mata II 455, U.S 591, 593(1982); Clanton v. Muncy 845 . F.2d 1238, 1241 Although Sumner I, applied the writing requirement" to a lower court decision reject ing. State court finding of Fact favorable to the State, the court in Burden v. Zant has Extended the Same requirement to a lower Court decision rejecting State court finding of fact favorable to the State, then and also to the habeas Corpus Petitioner going forth

14

The statute governing habeas Corpus fact review (28. u.s. c §§ 2254 (d)(2), 2254 (e) (1) (2000) and the case law construing it Contemplate numerous situations in which state court fact finding will not have been made at all, or, of Made in a an incomplete or unfair manner When one of those situation is found to be present, the habeas Corpus statute gives the reviewing federal Court not only has the Authority but duty make independent finding's. See u.s.c §§ 2254 (d) (2) 2254(e)(1).

"In important respect, however, federal habeas Corpus review of state Court fact finding's — differs from other appealate review of fact questions.

Petitioner Grounds for relief.

Petitioner here seeks to show by "clear Aonclancing evidence that the State Courts decisions are "Clearly Erroneous" and Contrary to law As set forth in (Respondents) Petition.

15

Ground one.

This Court concludes that Movant was denied effective assistance of Counsel, due process of law and a fair trial in violation of his Constitutional rights under Fifth, Sixth, and Fourteenth Amendment to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution, in that trial Counsel "failed to Exercise the Customary skill and diligence that a reasonably Competent Attorney would have under the Same or Similar Circumstances"

The Sixth Amendment to the United States Constitution Establishes the fundamental right to effective assistance of Counsel, which — Extends to State defendants through the due process Clause of the Fourteenth Amendment (Gideon v. Wainwright 372 U.S 335, 340; Powell v. Alabama, 287 U.S. 45. "Failure to provide effective assistance of Counsel is a fundamental Constitutional error which undermines the entire adversarial process ... Thomas v. Wyrick, 535 F. 2d 407, 413 (8th Cir 1976), abrogation on other grounds recognized in. Lawrence v. Armontrout

16

31 F. 3d 662, 668 (8th cir 1994)

Respondents Argues that Counsel admitted that the uncalled witnesses would have - been cumulative. Yet, a closer look reveals that Counsel never agreed to such assessment. he said that the "state would have objected to them as being Cumulative, <u>he assumed</u>". See Respondents Ex J page 78. But what Counsel did admitt to was that he was the "[in]experienced at the time" See Respondents Ex J pg 73 - paragraph (9) Also noted that the uncalled witnesses could have possibly help petitioner. Ex J pg 73 paragraph (10)

Counsel had all said reports and opportunity to Investigate the potential witnesses. Counsel reason for not calling Ms Nettles And Mr Jackson." were because "he didnt remember their names" Ex J pg 73 paragraph (11). However, he called French, Bradley and Timothy Chapman who were in the Same house as Jackson and Nettles, And were found In the Same report See Ex J pg 111-112

By Counscis own <u>admissions</u> in regards to not Calling these witness, such decision was not based on Any sort of "strategic premise" Stated.

17

Cunningham, 863 S.W. 2d 914, 921, but on a lapse in judgement. Though the petitioner carries the burden of proof and must prove his claims by a preponderance of evidence. That burden is thus fulfilled when Counsel testifies to being "forgetful and inexperienced" as was the case here.

The motion court dismissed the claim as being cumulative.. This was an unreasonable assessment because "Corroboration is critical, and Corroboration by a single witness can never be discounted as merely cumulative. State v. Hayes, 785 S.W. 2d 661, 663 (Mo. App W.D (1990))

There is a reasonable probability that, but for Counsel's unprofessional Conduct and Errors the result would have been "McCauley-Bey v. Delo, 97 F.3d 1104, 1105 (8th Cir 1996) quoting Strickland 466, U.S at 694, 104 S.Ct 2052) [I]n determining the existence vel non of pre judice, the court must consider the totality of the evidence before the jury or judge quoting Kimmelman v. Morrison, 477 U.S 365 381, 106 S.Ct 2574, 91 L.Ed. 2d 305 (1986) And the credibility of uncalled witnesses should be considered.

18

Evidence in this case was far from "over whelming". A case cloistered with recantations making each testimony "decisively critical". Counsel has a sworn duty to investigate the case against his client, including contacting — potential witnesses named by the client who may aid his defense. Poole v. State, 671, S.W. 2d 787, 788 (Mo App E.D 1983)

Had counsel subpoenaed, and called Mark Jackson and Dominique Nettles to testify. Both would have aided the Petitioner's defense, by giving persuasive testimony or have atleast improved the Petitioners position at trial..

"Witness credibility is for the jurors to determine" State v. Stewart, 17 S.W. 3d 162, 165 (Mo App E.D 2000).. And Jurors are free to believe or disbelieve all, part, or none of the testimony of any wit ness State v. Bryan, 60 S.W. 3d 713, 716

In this case that lacked physical evidence, "testimonial evidence" was of grave importance. Such that the jurors at trial requested to see "transcripts of various testimonies".. before deciding the case.. See Respondents Ex D pages 782 lines 6,7 .

19

No longer should Counselors be allowed to use ("I don't remember or I forgot") As means of the decision(s) being strategic in nature. When the record shows that Counsel was ineffective... And Counsel admits to being "inexperienced". Then Counsel should be convicted of (Ineffectiveness) Nor, has the Respondent proven that Counsel offered "effective assistance" respondent simply reiterated what was already stated in previous proceedings.

And in light of the petitioners Contentions it is therefore proven that the ruling's by the motion court and Missour Court of Appeals was based on a unreasonable determination of the facts in light of evidence presented in State court proceeding's.

Petitioner has carried his burden

Ground one, should be granted

Ground Two.

Trial Counsel was ineffective for failing to provide a redacted Copy of Arvette Ford's

20

written statement that stated Petitioner had been locked up in Pagedale jail which — Constitutes uncharged crimes and prior bad acts evidence.

The Statement was read twice at trial about Petitioner being locked up by Ms Ford And Sergeant Michael Martin. See Respondents Ex B pgs 343, 379

Resonably Competent counsel would have objected and had redacted the part of Ms ford's testimonial Statement that stated that Petitioner had been locked up. Also trial counsel failed to object and request the trail Court to instruct the jury to disregard the testimony when Barrell Lewis testified that Petitioner and Adams explained to Mr. Lewis that "they had been in and out of diggerent jail and stuff" which also constituted uncharged crimes and bad acts Evidence Ex B pg 496

Had trial Counsel redacted Ford's Statement and objected to both Ford and Martin reading that part about petitioner being locked, there is a resonable probability the court would have Sustained the objection and used A redacted

21

Copy of the statement because the full statement contained prior bad acts and uncharged crimes considering that the "Same trial counsel" filed a motion in "limine" for this very purpose. The State totally disregarded said motion in efforts to adduce Aggravating factors against Petitioner At trial.

To prevail on a claim of ineffectiveness of Counsel Petitioner must show that his trial attorney failed to exercise the customary skill and dilligence a reasonably Competent attorney would have exercised under similar circumstances, and that he was prejudiced Strickland v. Washington, 466 U.S 668, 667

Evidence of uncharged crimes or prior misconduct of a defendant "is admissible if the evidence is logically relevant, in that it HAS some legitimate tendency to established directly the accused's guilt of the charges for which he is on trial... and if the evidence is legally relevant, in that its probative value outweighs it's prejudicial effect". State v. Clover, 924 S.W. 2d at 853, 855

22

Evidence of uncharged, collateral criminal conduct is prejudicial to a defendant because it "may result in a conviction founded upon crimes of which the defendant is not accused." State v. Shaw, 636 S.W.2d 667, 671

It forces and places a burden on an accused. "to defend any number of charges about which the indictment gives him no information. State v. Atkinson, 293 S.W.2d 941, 944

Furthermore, it may lead the jury to convict the defendant simply because he is a "bad man" or tempt the jury to find the defendant guilty of being a criminal rather than being guilty of a particular crime charged" State v. Garrett 825, S.W.2d 954, 957

Ford's statement... "I dispatch for pagedale police department. George Wells has been locked up here and I have seen his "grills" in his mouth and also taking them out. Not just at work, on the street.

Such testimony violated Petitioners motion in limine to exclude his prior uncharged bad acts Ex B pg 379

23

Facts" Trail counsel in Post conviction proceeding Expressed acute remembrance of Ms Ford Ex j pg 73) when ask did he remember the "Statement" she made about Petitioner Counsel replied "That's not the most Outstanding thing that she said" Ex j pg 73, Counsel said he would consider it uncharged crimes and bad acts Evidence. he said that he would. Ex J pgs 73. However, counsel could not rememb er having had received the written Statement, Nor did he request it to be redacted...but should have considered it .. Ex pg 74. But moments later, Counsel Said it was indeed uncharged crimes and bad acts Ex j 74 Counsel could not decipher between recanted testimony or redacted Statments.

It is impossible for Counsel to object to a Statement or written Evidence that he doesn't remember receiving ...

None of the reasons asserted by counsel was "Strategic"

Motion Court erred in finding the un- charged crimes and prior bad acts Evidence was refuted by the record And the Appellate Court erred in determining that

24

Mentioning of Petitioners Criminal history
was isolated and minimal. Ex M pg 7-8
The record makes no such contention. As far
As Petitioner "testified to having a record"
was false. Petitioner had no criminal record
Prior to his testimony. And when the Alleged
Conversation between Lewis, Adams and Petitioner
was said to have taken place.. On Dec 11(2003)
Petitioner had no felonies.
Furthermore, the testimonies from Ford and Lewis
was Elicited before Petitioner took the stand.
The jury had no way of Knowing that Petitioner
would (testify). Which he did in defense of
the illicit testimonies of Ford and Lewis. Nor
was any (impeachment) instruction given to the
jury if Such be the case.
This was a case of "who said what". Counsel
failing to object and request a redacted copy
of (Ford's) written Statement and failing to object
to (Lewis's) Statement and the fact that it was
read into evidence (twice) once by an (government
agent) Michael Martin ... which sought to —
bolster the State's case with the jury.
Had Counsel objected, the sustained objection
would have forced the jury to Consider only
25

In Court Statements only. Counsels shortcoming's Severly hurt and preguediced Petitioner, but for his failing's, the out-come would have been different.

And the previous Courts clearly errored and their decision was unreasonable in light of the facts setforth.

And for the Missour Court of Appeals to - determin that Petitioners "desire to get money - made him a potential robbery suspect" Then such can be said of the "Millions of people who work a job.. for they to desire to get (money).. Such decision is rooted in (opinion) and not (law).

Petitioner has Carried his burden

Ground Two

Should be grantrd

Ground Three.

Petitioner claims that trial counsel was ineffective in failing to object to a series of improperly asked questions of Shaun Black by the Prosecutor. about whether "he knew what the States evidence was"

And the motion court and Appeals court clearly erred in determining that the witness "open the door" and such information was already before the jury.(Respondents Ex J pgs 114-115

These decision resulted in a ruling that was Contrary to and involved an unreasonable application of clearly Established federal law, as determined by the Suprem Court of the United States. See e.g United States v. Sanchez, 176 F.3d 1214, 1219-1220 (9th Cir 1999) United States v. Sullivan, 85 F.3d 743, 749-750 United States v. Boyd, 54 F.3d 868, 871(D.C Cir 1995) Scott v. United States, 619 A.2d 917 (D.C App 1993)

27

Harris testified to coming face to face with the Petitioner at "five feet away". This isn't "face to face" distance. Jackson testified Shaun Black served as a "lookout" However, Jackson was said to be impeached, so his mentioning in Respondents Petition is "weightless". Black testified that he had not seen (Wells) or Jackson ...Respondent's Ex C pgs 552-54 In months. Black also testified that he was placed on "house arrest" the 10th of Dec ..See Ex C pgs 561 ..This was one day before the murder. Moreover, for the Motion Court to determine that (Shaun Black) "opened the door" to the line of improper questioning.. was an unreasonable determination of the facts

Fact being that "it was indeed the state who first initiated the dialouge that Counsel failed to object to ..See Respondent Ex C pgs 563- line 14-16

    State:" Do you find it odd that the
            victim picked out two people
            who knew each other

Counsel: Objection.. Speculation

Court: Reform the question..

Afterwards, the state asked that same exact question.
This said "door" was "created" and "opened" by the state. Proving that previous courts decisions were erroneous.

Cousel objected to "speculation" but not the cross-examination being argumentative, speculative or invading the province of the jury. The information the state improperly elicited from (Black) was "blatantly troublesome" to and prejudiced the Petitioner. And "not" objecting "highlighted" the questioning more than objecting to it would have. The very thing Counsel sought to avoid. Pursuant to the motion in limine. There was no reasonable "trial strategy" in failing to object.

Missouri courts have long held that "a witness should not give his or her opinion upon the truth of a statement by another witness State v. Marsh, 826 S. W. 2d 846, 849 (Mo. App S.D. Turbo by Capra v. City of St. Charles, 932 S.W. 2d 851, 856 (citing Holliman v. Cabanne 43 Mo. 568,

29

570 (Mo 1869) It is improper to present testimony that in one witness' opinion, another witness is or is not telling the truth, even though "a witness may testify to facts, which if believed by the jury, would have the effect of dis crediting the witness before the jury with out invading the province of the jury" Turudo at 856

Also Respondents petition "should be rejected-for it included "ShaunBlack" in the criminal significance" of this case. ShaunBlack testified as a "tree-man" he was never connected to this Case save for Jackson recanted testimony. Respondent should Explain this. ShaunBlacks involvement should - been confined to the context of his testimony at trial, not his alleged involvment in the crime for which he was never charged.

Had counsel objected to the State eliciting Mr Black opinion. the objection would have been Sustained, and his testimony disregared. The Evidence in this Case was far from over-whe lming. there's a reasonable probability that the verdict would have been different

30

Petitioner has carried his burden and demonstrated prejudice.

Ground Three Should be granted

## Ground Four

Petitioner was denied his right to due process, his right to a complete defense, his right to a fair trial, and his right to effective assistance of trial counsel in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, — Sections 10 and 18(a) of the Missouri Constitution in that Counsel was ineffective because trial counsel failed to subpoena and call Richard Allen, Leroy Husley, Antoine Hayes, Travis Wallace Brad Hale and Jerome Boyd.

"Effective Representation by counsel under Sixth Amendment, Requires appropriate Investigation, preparation, and presentation of defendants case by counsel. U.S. C.A Constitution Amend (6)"

Counsel called Adams who was with Petitioner until 7:00 pm. Counsel testified that

31

he did not specifically remember Petitioner mentioning Richard Allen, Leroy Husley, Antoine Hayes, Travis Wallace, Brad Hale, Jerome Boyd

These men were a decisive part of Petitioners case. Two of the uncalled witnesses had confessed (Richard Allen) and (Leroy Husley) and Hayes was implicated by Wallace. There reasons for confessing and recanting were soley a matter for the jury.
Counsel knew the contacts of each witness. The difference in not calling them, changed the out-come of the trial. The defense was "mistaken identity" our case was built around there testimony. Any reasonably competent attorney in "North America" would have secured the testimony of any one who confessed involvement in his/her clients case.
Their testimony could have and would have only served to help the Petitioner.
Jerome Boyd reported seeing two (shooters) a theory not posed to the jury which only accounted for one shooter.
Harris (states key witness) testified to hearing four shots, but up to six. Ex B pgs 320-21

32

Leroy Husley confessed to shooting four times and another man twice. Respondent Ex j 77,81 This does not confirm the amount of times the victim was shot, but it does confirms the amount of shots (Harris) heard.

Had the Jury heard this testimony.. theres no doubt that the Petitioner would have been acquitted.

This was an "usurpation" of power. The right to decide the case was taken from "Jury" and placed at the mercey of the Motion and Court of Appeals.

The motion Counsel could not secure the uncalled witnesses in PCR. But this was five and a half later. Trial Counsel should have subpoenaed them five and half years earlier. And no justifiable ~~trial~~ Strategy explains his failing's

Petitioner testified in Post conviction Proceeding's the trial Counsel to him that he had forgotten to subpoena the witnesses Ex I pg 97.
No refutes, Petitioner has pointed out are shown in the records. Nor does Respondent dispute this claim by petitioner

33

Petitioner defers to the case law in support of Grounds one.

The motion court and Missouri Court of Appeals Errored in determining (uncalled) witnesses would not have aided Petitioner defense This resulted in a decision that was based on an unreasonable determination of the facts in light of Evidence presented in [T]his Petition and in State Court proceedings

But for counsel Shortcoming's, there is a reasonable probability that the outcome would have been different.

Petitioner has Carried his burden

Ground Four Should granted.

Ground Five

Counsel was ineffective for failing to object then to the "hearsay statements" given by Darryl Lewis that allegedly included statements by Petitioner.

Respondent contend that claim isn't Cognizab le for review, sense it is a matter of state law. Though the finding of error regarding state law, does not authorize a federal court to grant a writ of habeas corpus As cited in 28 U.S.C § 2254; Wilson v. Corcoran, 131 S.Ct 13, 16.. However in Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) has allowed for the intervent-ion of federal courts, to settle a matter of state law - where it is in violation of clearly Established federal law as determined by the Supreme Court of the United States.

This Court has a "duty and authority" to hear this Matter.
"Abuse of Discretion"

The Trial court abused it's discretion in over

35

ruling Petitioners objection to the hearsay
testimony of Darryl Lewis which included
inculpatory Statements By Mr. Wells
Allegedly made to Darryl Lewis which
fell under no recognized exception to the hear
say rule and Substantially prejudiced Mr Wells
in violation of his trial rights as protected by the
Fifth And Fourteenth Amendments to the
United States Constitution As Well As Article 1,
Section 10 of The Missouri Constitution
State v. Bowman  741 S.W. 2d 10,14 (Mo banc 1987)
State v. Barnett,  980 S.W. 2d 297 (Mo banc 1998)
State v. Knese,  985 S.W. 2d 759 (Mo banc 1999)
State v. Link,  25 S.W. 3d 136 (Mo. banc 2000)

The trial court has broad discretion to admit
or exclude evidence State v. Seiter, 949 S.W. 2d
218, 222-23 (Mo. App. ED 1997) Appeals Court would
not disturb the ruling unless there is a clear abuse
of discretion State v. Bowman

Hearsay is generally excluded because it lacks trust
worthiness State v. Link, 25 S.W 3d 136,145
(Mo banc 2000) "Hearsay Statement, or out-of-court
Statements used to prove the truth of the
36

asserted, are generally inadmissible State v. Barnett, 980 S.W 2d 297, 306

If hearsay is wrongfully admitted, a reversal is appropriate when defendant was prejudiced as a result State v. Wallingford 43 S.W 3d 852, 856 Mo App W.D 2001)

"Improperly admitted evidence should not be declared harmless unless it can be said to be harmless without question and the record demonstrates the evidence did not influence the jury or the jury disregared it. State v. Russell, 872 S.W. 2d 866, 869 (Mo. App. S.D)

"In a jury trial, when evidence is admitted that should have been excluded, this court is required to assume that the jury considered that - evidence as it reached its verdict" State v. Robinson, 111 S.W. 3d 510, 511 (Mo. App. S.D. 2003)

The question is whether the court say with any reasonable assurance of being correct that the testimony did not tip the scale against defendant. State v. Degraffenreid 477 S.W. 2d 57, 64 (Mo banc 1972)

To constitute hearsay, the out-of-court statement must be offered to prove the truth of the

37

and the value of the statement must depend upon its veracity. State v. Tripp. 168, S.W. 3d 667, 679

In this case, the prosecutor elicited testimony from Mr Lewis regarding a conversation he had with Mr Wells. The prosecutor asked Mr Lewis "And did they anything to you?" Mr Lewis stated, "They were unhappy that I didn't pay them" and that they intended to collect their money." The prosecutor responded by asking "They intended to collect their money one way or the other"? Mr Lewis Responded "Right" The prosecutor then asked, "Did you take that as a threat, sir?" Mr Lewis responded, "I did." Defense counsel raised an objection of hearsay, which the court overruled Ex B 495-96

The court's failure to sustain the objection Constitutes "a clear abuse of discretion" on part of the court State v. Hatch, 54 S.W. 3d 623, 631 (Mo. App 2001) Mr Lewis testimony as to what Mr Wells Said regarding his situation was offered to prove the truth of the Matter. That truth being that Mr. Wells was desperate for money and would do Anything to get it. Since the statements

38

had no value apart from it's veracity as to
Mr. Well's guilt the statements qualify
as exactly the kind of hearsay that should
be excluded by the rule.

Furthermore, these statement do not fall any
exception in which evidence that is otherwise
prohibited under the hearsay doctrine is allowed
because it "Manifest Consciousness of guilt State v
Garner, 14 S.W.3d 67, 75 (Mo. App. E.D. 1999)

As distinct from the facts of the present case, testimony
of admission of guilt may be allowed Id In
Garner, testimony was allowed that the defendant
"would kill Tim Bolden and anyone with him if
he did not get his money" Id In the present
case, the statements of Mr Lewis are not clearly
manifestations of "Consciousness of guilt" but rather
are unrelated statements about an ancillary debt
introduced for the sole purpose of prejudicing Mr
Well's case
Prejudice is present in this case as so much of
the other evidence at trial was either directly
refuted or recanted by the prosecution witnesses

39

The Court of Appeals clearly erred in determining that Darryl testimony was (not) offered to prove the truth of the matter And - that Lewis's Statement showed that Petitioner was "desparate for money - made robbery a liklihood. This was an unreasonable determination In light of the Evidence Presented

Petitioner has Carried his burden

Ground Five Should be (reviewed) and granted

Conclusion

WHEREFORE, for the reason herein Stated, Petitioner humbly prays that the Court this Petition .

Respectfully Submitted

George Wells

Potosi Correctional Center
11393 - State Hwgo
Mineral Point Mo, 63660

40