UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE WELLS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:12 CV 2295 CDP |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. §2254. For the reasons that follow I will deny the petition.

### **Procedural History**

Petitioner George Wells is presently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri, pursuant to a judgment and sentence of the Circuit Court of St. Louis County, Missouri. On March 18, 2005, following a jury trial, petitioner was found guilty of murder in the second degree, two counts of armed criminal action, and attempted robbery in the first degree. As a result of these convictions, petitioner was sentenced to two concurrent life terms for the conviction of murder in the second degree and armed criminal action, as well as concurrent terms of fifteen and twenty years imprisonment for the convictions of attempted robbery in the first degree and armed criminal action.

Petitioner raised one point on direct appeal of his convictions. *See Resp't Ex. F.* He argued that the trial court erred and abused its discretion and prejudiced Petitioner by allowing witness testimony that contained inadmissible hearsay. On May 23, 2006, the Missouri Court of Appeals for the Eastern District affirmed petitioner's convictions in an unpublished

1

memorandum opinion. *State v. Wells*, 192 S.W.3d 505(Mo.App. 2006); *See Resp't Ex. H;* Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 30.25(g), No. ED86060 (Mo.Ct.App. May 23, 2006)(unreported).

Petitioner prematurely filed a motion to vacate, set aside, or correct the judgment of the Circuit Court of St. Louis County, Missouri, pursuant to Missouri Supreme Court Rule 29.15. Appointed counsel later filed an amended motion for post-conviction relief. In his amended motion for post-conviction relief, Petitioner alleged that trial counsel was ineffective for: (1) failing to call additional alibi witnesses; (2) failing to object to evidence of other crimes committed by Petitioner; (3) failing to object to the prosecution's cross-examination of Shaun Black; and (4) failing to call multiple other witnesses. *See Resp't Ex. J.* On December 30, 2010, the motion court entered judgment denying Petitioner's post-conviction motion. *See Resp't Ex J.* On February 12, 2012, The Missouri Court of Appeals for the Eastern District affirmed the decision of the motion court. *See Resp't Ex. M;* Memorandum Supplementing Order Affirming Judgment pursuant to Rule 84.16(b), No. ED96296 (Mo.Ct.App. Feb 21, 2012) (unreported).

Wells now seeks federal habeas corpus relief, pursuant to a petition for a writ of habeas corpus, filed on December 10, 2012. In his petition, Petitioner asserts the following grounds:

(1) Trial counsel was ineffective for failing to subpoena and call two alibi witnesses, Mark Jackson and Dominique Nettles.

(2) Trial counsel was ineffective for failing to provide a redacted copy of a witness's written statement to ensure the statement excluded evidence of Wells' previous incarceration.

(3) Trial counsel was ineffective for failing to object to improper cross-examination by the state.

(4) Trial counsel was ineffective for failing to subpoena witnesses Richard Allen, Leroy Hulsey, Antoine Hayes, Travis Wallace, Brad Hale and Tyrone Boyd.

(5) Trial court committed error by improperly admitting hearsay testimony into evidence.

## Facts

Well's conviction arose from the death of Rodney Marshall, who died from gunshot injuries sustained during a failed robbery attempt. On the evening of December 11, 2003, Marshall was in the parking lot of his apartment complex, accompanied by his girlfriend, Marquitta Harris, and their daughter.[1] As they were unloading their belongings from a parked car, Harris saw the Petitioner walking toward the car as she lifted her daughter from the back seat. The couples' daughter ran across the parking lot and almost collided with Petitioner. Harris ran after her daughter, picked her up and looked closely at Petitioner prior to walking back to her car.

The Petitioner continued across the parking lot, and approached the car. He confronted Marshall and pointed a gun at his chest, and told him not to move. Marshall told Harris to run. After Harris grabbed her daughter and fled from the scene, the Petitioner shot Marshall in the chest and the back. Marshall died from the gunshot wounds. The Missouri Court of Appeals described the evidence presented at trial:

> On December 23, 2003, Harris identified Defendant in a photo line-up. Harris testified at trial that she was certain that Defendant was the man she saw in the parking lot on December 11, 2003.

Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 30.25(g), No. ED86060 (Mo.Ct.App. May 23, 2006)(unreported). The record also reflects that Harris

---

[1] The following facts have been taken from the decision of the Missouri Court of Appeals affirming petitioner's convictions. *See* Resp't Ex. H.

participated in a live-line up and identified Petitioner from this subsequent live line-up. *Resp't Ex. H*.

The Petitioner's trial commenced on January 11, 2005 and continued for two days. The jury returned verdicts on January 13, 2005, finding the Petitioner guilty on all four counts. The court sentenced Petitioner to life imprisonment for second-degree murder, life imprisonment for armed criminal action associated with second-degree murder, fifteen years' imprisonment for attempted first-degree robbery and twenty years' imprisonment for armed criminal action associated with attempted first-degree robbery. Wells is currently serving these sentences.

**Standard of Review**

A federal court has the power to grant a writ of habeas corpus as governed by 28 U.S.C. §2254(d). When a federal court reviews claims that a state court has adjudicated on the merits, the federal court may not grant a writ of habeas corpus unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in the light of the evidence presented in the State court proceeding.

Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has stated that "a state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). The Supreme Court has further construed §2254(d)(1)'s 'unreasonable application' clause to mean that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal

4

law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2002).

In *Shafer v. Bowersox*, the Eighth Circuit further articulated the standards for 28 U.S.C. §2254(d)(1) as follows:

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrives at the opposite result … A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principal from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case" … A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable."

329 F.3d 637, 646-47 (8th Cir. 2003) (citations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 411, 413; (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings, only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)); *Boyd v. Minnesota*, 274 F.3d 497, 501 n. 4 (8th Cir. 2001).

## Discussion

Grounds one, two, three, and four of Well's habeas petition contend that his trial counsel provided ineffective assistance in violation of the Sixth Amendment by (1) failing to subpoena and call additional alibi witnesses; (2) failing to provide a redacted copy of a witness's written statement to ensure the statement excluded evidence prior bad acts; (3) failing to object to improper cross-examination by the state; and (4) failing to subpoena known available witnesses.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court defined ineffective assistance of counsel under the Sixth and Fourteenth Amendments. To obtain habeas relief on

5

the basis of ineffective assistance of counsel, a petitioner must establish "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 667. Under Strickland, Wells must first identify specific acts or omissions made by counsel and show that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. The petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Failure to satisfy either of these prongs is fatal to the claim of ineffective assistance of counsel. *See Pryor v. Norris*, 103 F.3d. 710, 713 (8th Cir. 1997). When determining whether counsel's conduct was objectively reasonable, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The Court in *Strickland* cautioned that "judicial scrutiny of counsel's performance must be highly deferential." Additionally, when measuring the reasonableness of an attorney's acts or omissions at trial, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689, 104 S.Ct. 2052. When a federal court reviews a state court conviction, the federal court should be "doubly deferential" to a state court determination that counsel's performance satisfied the requirements of the Sixth Amendment. *Knowles v. Mirzayance,* 129 S.Ct. 1411, 1420 (2009); *Hunt v. Houston*, 563 F.3d 695, 706 (8th Cir. 2009). Under §2254(d)(1), a federal habeas court must find that the state court's determination was more than incorrect, it must be unreasonable. *Id.*

6

**Ground 1 – Failing to Subpoena and Call Additional Alibi Witnesses**

In Ground 1, Petitioner alleges that his trial counsel was ineffective for failing to call two witnesses, Mark Jackson and Dominique Nettles, at trial. Petitioner suggests that their testimony would have corroborated Petitioner's alibi defense that Petitioner was at Timothy Chapman's house during the time of the robbery and murder. Petitioner asserts that if the jury had heard this testimony, there is a reasonable probability that he would have been acquitted of all charges asserted.

During trial, Petitioner and two other witnesses all testified that Petitioner arrived at Chapman's house on December 11, 2003 at approximately 7:00 p.m. and remained there until midnight. At an evidentiary hearing following Petitioner's motion for post-conviction relief, Jackson and Nettles testified that the Petitioner was at Chapman's house all afternoon and evening on December 11, 2003. Petitioner's trial counsel testified that he did not remember if he knew of Jackson or Nettles at the time of the original trial or, if he did known about them, if their testimony would have been relevant or pertinent. *See Resp't Ex. J.*

The motion court found that this claim was without merit, because the proposed testimony of Jackson and Nettles would have been cumulative to that of all witnesses. It found that movant failed to show either deficient performance by counsel or prejudice from the failure to call additional alibi witnesses. *See Resp't Ex. J.* Petitioner also raised this point on appeal from the denial of his post-conviction motion. The Missouri Court of Appeals denied the claim, stating that to the extent that Jackson and Nettles would have testified that Petitioner was at Mr. Chapman's house in the evening, their testimony was cumulative. *See Resp't Ex. M.*

As discussed above, under *Strickland*, ineffective assistance is defined as deficient performance resulting in prejudice, which does not reach an "objective standard of

reasonableness." *Strickland,* 455 U.S. at 687-88. The Petitioner bears a heavy burden and must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Counsel is allowed to determine whether to call certain witness as a matter of trial strategy. *See U.S. v. Washington*, 198 F.3d. 721, 723-24 (8th Cir. 1999).

The Missouri Court of Appeals correctly identified the "deficient performance" resulting in prejudice standard as articulated by *Strickland*. After applying state law to evaluate counsel's performance, the court analyzed the contents of Jackson's and Nettles' testimony as provided in the evidentiary hearing, and concluded that their testimony would have been merely cumulative of petitioner's testimony, as well as the testimony of the additional alibi witnesses that testified at trial. Specifically, the court noted as follows:

> An attorney's selection of witnesses and the decisions not the call additional witnesses are presumptively a matter of trial strategy and are virtually unchallengeable. *Worthingson*, 166 S.W.3d at 577; *Lyon v. State*, 39 S.W3d 32, 39 (Mo. Banc 2001). The failure to present cumulative evidence does not constitute ineffective assistance of counsel. *Forrest*, 290 S.W.3d at 709; *State v. Johnston,* 957 S.W.2d 734, 755 (Mo. Banc 1997).
>
> To show prejudice based on counsel's failure to call an alibi witness at trial, a movant must show that the witness' testimony is more than merely cumulative of the evidence adduced at trial, and that it would have aided the movant's defense. *State v. Clemons,* 946 S.W.2d 206, 221 (Mo. Banc 1997); *State v. Johnson*, 901 S.W.2d 60, 63 (Mo. Banc 1995).
>
> In this case, trial counsel called movant and two other witnesses who testified that movant arrived at Mr. Chapman's home at 7:00 p.m. on December 11, 2003 and remained there until midnight, which was the time of the crimes charged. At the evidentiary hearing, Mr. Jackson and Ms. Nettles each testified that movant was there in the afternoon and evening. To the extent that they testified that movant was at Mr. Chapman's home in the afternoon, the testimony of Mr. Jackson and Ms. Nettles contradicted that of movant and his witnesses that he did not arrive until approximately 7:00 p.m. To the extent that they testified that movant was at Mr. Chapman's house in the evening, their testimony was cumulative.
>
> Movant has not shown that the testimony of Mr. Jackson and Ms. Nettles was more than merely cumulative to evidence already before the jury. In fact, because they

placed him at the home in the afternoon, their testimony would have been weaker than that of the witnesses who were called.

*Resp't Ex. M* at p. 5-6. Counsel is not ineffective for failing to adduce cumulative, unhelpful testimony, and therefore it cannot be concluded that counsel's performance was outside the "wide range of reasonable professional assistance" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 689. The trial court and Missouri Court of Appeals decisions did not involve an unreasonable application of federal law. Additionally, the decisions of the trial court and the Missouri Court of Appeals did not result in a decision based on an unreasonable determination of the facts in light of the evidence presented. Petitioner's claim in Ground 1 is denied.

### Ground 2 – Failing to Take Action to Prevent Admission of Evidence of Uncharged Crimes and Bad Acts

In Ground 2, Petitioner alleges that his trial counsel was ineffective for failing to protect Petitioner against the admission of evidence of uncharged crimes and bad acts by failing to provide a redacted copy of Arvette Ford's written statement, which stated that the Petitioner had been "locked up" and by failing to object to the testimony of Darrell Lewis, who testified that Petitioner had told him that he'd "been in and out of different jails and stuff." Petitioner asserts that this evidence was prejudicial because it allowed the jury to hear evidence of prior and uncharged crimes. Petitioner asserts that if the jury had not heard this testimony, there is a reasonable probability that he would have been acquitted of all charges asserted.

During trial, the state called Ford, who testified that she'd known the Petitioner for approximately 15 years, but that she was mistaken when, in her previous statement, she said the Petitioner wore a gold grill in his mouth. The prosecutor asked her to read the written statement she had provided to the police stating that she had seen the Petitioner with a gold grill in his

9

mouth. Elsewhere in Ms. Ford's written statement was a statement that the Petitioner had been "locked up." *See Resp't Ex. M.*

In his amended motion, Petitioner alleged that trial counsel was ineffective for failing to protect movant from evidence of uncharged crimes and prior bad acts by failing to request a redacted copy of Ford's written statement that excluded a reference to Petitioner having been "locked up." He stated that reasonable counsel would have requested that a redacted copy of the statement be used. Petitioner's trial counsel testified that, at the time of trial, he had not considered requesting that the statement be redacted.

The motion court determined that the Petitioner was not prejudiced by Ford's written statement because Petitioner himself testified about his prior felony conviction, from which the jury could infer that Petitioner had been in jail. The motion court also noted that the statement from Ford was isolated and not emphasized by the state. *See Resp't Ex. J.*

Petitioner also raised this point on appeal from the denial of his post-conviction motion. The Missouri Court of Appeals denied the claim, noting the following:

> A movant cannot show prejudice when he has offered similar evidence to the challenged evidence during his own testimony. *State v. Andrews*, 822 S.W.2d 179, 182 (Mo.App. 1994). "Improperly-admitted evidence is not prejudicial when other evidence before the court establishes essentially the same facts." *Elliot v. State*, 272 S.W.3d 924, 926 (Mo.App. 2009). Further, a movant cannot show prejudice where a reference to challenged testimony is brief and not emphasized by the prosecution. *State v. Johnson*, 841 S.W.2d 298, 301-02 (Mo.App. 1992); *Branyon v. State*, 304 S.W.3d 166, 168-69 (Mo.App. 2009).

*Resp't Exh. M* at p. 8. In determining that trial counsel's failure to request a redacted copy of Ms. Ford's statement did not create unfair prejudice to the Petitioner, the Missouri Court of Appeals based its decision on well-established laws and facts. The decision of the Missouri Court of Appeals was not "contrary to," nor did it involve an "unreasonable application of" clearly established federal law. See 28 U.S.C. §2254(d)(1). The Petitioner failed to show that

the state court's determination "resulted in a decision that was based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding." *See* 28 U.S.C. §2254(d)(2).

Petitioner has failed to show that the result of his trial would have been different had counsel requested a redacted copy of Ford's statement. The Missouri Court of Appeals determined that under Missouri law, the Petitioner was not prejudiced because the Petitioner testified to his own felony conviction, and so the additional testimony suggesting he had been imprisoned did not result in unfair prejudice to the defendant. The Missouri Court of Appeals' holding was not an unreasonable application of *Strickland*, or any other clearly established federal law. Petitioner's second claim is denied.

**Ground 3 – Failing to object to improper cross-examination by the state**

In Ground 3, Petitioner alleges that his trial counsel was ineffective for failing to object on multiple occasions during the prosecution's cross examination of Shaun Black. Petitioner claims that counsel should have objected when the state asked Black to comment on the testimony of other witnesses.

The record shows that the state elicited testimony from Black regarding Harris's testimony, and the likelihood that Harris identified two suspects who knew each other socially. Petitioner's trial counsel testified that he did not recall why he did not object to the cross-examination of Black. He testified that his typical trial strategy is not to object to testimony that is not "blatantly troublesome" for his client because an "objection seems to escalate the information to the jury" and that the jury would hear the information additional times while the objection is considered.

The motion court found that trial counsel used sound trial strategy by not objecting for the purpose of preventing the testimony being highlighted for the jury. The motion court also

noted that Petitioner did not suffer prejudice because the information in the questions by the state was already before the jury. *See Resp't Ex. J.*

Petitioner also raised this point on appeal from the denial of his post-conviction motion. The Missouri Court of Appeals denied the claim, noting the following:

> A movant must overcome the strong presumption that counsel's conduct was reasonable trial strategy, and trial counsel's inability to recall why he or she decided not to raise an objection does not overcome this presumption. *Bullock v. State*, 238 S.W.3d 710, 715 (Mo.App. 2007). "In many instances seasoned trial counsel do not object to otherwise improper questions or arguments for strategic purposes. It is feared that frequent objections irritate the jury and highlight the statements complained of, resulting in more harm than good." *State v. Tokar*, 918 S.W.2d 753, 768 (Mo. Banc 1996).
>
> Here it is presumed that the failure to object was sound trial strategy, and counsel testified that he believed an objection would have highlighted Mr. Black's comments on the evidence and the testimony of the victim's girlfriend for the jury. Further, movant cannot show prejudice because all of the evidence that Mr. Black commented on had been properly admitted through the testimony of other witnesses, primarily the victim's girlfriend.

*Resp't Ex. M,* at p. 11. Petitioner has failed to show that the result of his trial would have been different had counsel objected to the state's questioning of Mr. Black. The Missouri Court of Appeals determined that trial counsel used sound trial strategy by not objecting to information which had already been properly admitted and was before the jury from the testimony of previous witnesses. The Missouri Court of Appeals' holding was not an unreasonable application of *Strickland*, or any other clearly established federal law. Petitioner's third claim is denied.

**Ground 4 – Failing to subpoena known available witnesses**

In Ground 4, Petitioner alleges that his trial counsel was ineffective for failing to subpoena and call numerous witnesses at trial because their testimony would have supported Petitioner's defense that he was not the person who shot Mr. Marshall. The petitioner claims that counsel should have called Richard Allen, Leroy Hulsey, Antoine Hayes, Travis Wallace,

12

Brad Hale, and Tyrone Boyd as witnesses because they would have corroborated Petitioner's claim that he did not commit the crimes charged.

At the evidentiary hearing following Petitioner's post-conviction motion, only Brad Hale, who lived in the victim's apartment complex, testified. At the hearing Hale testified:

> That night I heard three gunshots, what turned out to be gunshots, walked outside of my apartment on the phone with 911, and a gentleman fell in front of me in the street, two people were running around the corner. That's pretty much all I saw.

*Resp't Exh. 10* at p. 7. Hale testified that he did not witness the actual shooting; that he did not see anybody with a gun; and that he never saw the faces of the two people who ran from the scene of the shooting. *Id.* at p. 8-9. None of the other witnesses that Petitioner claims counsel should have called appeared at the evidentiary hearing.

During the evidentiary hearing following Petitioner's post-conviction motion, post-conviction counsel requested the hearing be continued because he could not locate several of the listed witnesses. After the continuance, post-conviction counsel said he had not been able to locate any of these witnesses. The motion court denied any additional continuances. Petitioner's trial counsel testified that he was not familiar with any of these witnesses, and was unable to remember why he did not call them during trial. *See Resp't Ex. M*.

Petitioner also raised this point on appeal from the denial of his post-conviction motion. The Missouri Court of Appeals denied the claim, noting the following:

> "Allegations in a post-conviction motion are not self-proving and a movant must prove the grounds for post-conviction relief by a preponderance of the evidence. *State v. Boone,* 869 S.W.2d 70, 78 (Mo.App. 1993); *Worthington*, 166 S.W.3d at 572-73; *Cole v. State,* 223 S.W.3d 927, 931 (Mo.App. 2007). The failure to present evidence at a hearing in support of a claim constitutes abandonment of that claim. *Boone,* 869 S.W.2d at 78; *Cole,* 223 S.W.3d at 931; *see also Barnes v. State,* 334 S.W.3d 717, 721 (Mo.App. 2011). A motion court does not clearly err by refusing to grant relief if a movant has failed to support his or her claim with evidence at the evidentiary hearing. *Id.* "If a potential witness's testimony would not unqualifiedly support a defendant, the failure to call such a witness does not constitute ineffective assistance of counsel." *Leisure v. State,*

> 828 S.W.2d 872, 875 (Mo. Banc 1992). Here, movant failed to present the testimony of Mr. Allen, Mr. Hulsey, Mr. Hayes, Mr. Wallace, and Mr. Boyd and, thus, failed to meet his burden of supporting his claim by a preponderance of the evidence. Further, counsel was not effective and movant was not prejudiced by counsel's failure to call Mr. Hale because

Hale's testimony would not have provided movant with a viable defense. *Resp't Ex.M* p. 13. Petitioner has failed to show that the result of his trial would have been different had counsel called the above-mentioned witnesses. The Missouri Court of Appeals determined that under Missouri law, allegations by a defendant in a post-conviction motion are not self-proving. Without the testimony of the witnesses that the Petitioner proposes would support his defense, the court was unable to determine whether the outcome of the trial would be different, or whether failure to call these witnesses by trial counsel resulted in prejudice to the Petitioner. Additionally, Hale's testimony would not have provided Petitioner with a defense, so the failure of trial counsel to call Hale at the initial trial did not constitute ineffective counsel. The Missouri Court of Appeals' holding was not an unreasonable application of *Strickland*, or any other clearly established federal law. Petitioner's fourth claim is denied.

**Ground 5** -- **Improper Admission of Hearsay Evidence**

In his fifth claim for habeas relief, Petitioner alleges that the trial court committed error by improperly admitting hearsay testimony into evidence. On direct appeal from his conviction, the Petitioner argued the same point: that the trial court erred and abused its discretion and prejudiced Defendant by allowing witness testimony that contained inadmissible hearsay.

The evidence at issue is Darrell Lewis' statement during the trial that he understood Petitioner's statements about collecting money to be a threat and that the defendant had been "in and out of different jails and stuff." On direct appeal, the Missouri Court of Appeals for the

Eastern District applied Missouri law in reviewing Petitioner's claim. The Court of Appeals standard of review was as follows:

> Evidence is admissible if it is logically, legally relevant. *State v. Hayes*, 88 S.W.3d 47, 60 (Mo. App. W.D. 2002). Evidence is logically relevant if it tends to prove or disprove a fact at issue. *Id.* In order for evidence to be considered legally relevant, its prejudicial effect must outweigh its probative value. *Id.* This balancing of the probative value and prejudicial effect is within the sound discretion of the trial court. *Id.*
>
> A trial court has broad discretion to admit or exclude evidence, and its decisions will be affirmed absent an abuse of discretion. *State v. Jordan*, 181 S.W.3d 588, 594 (Mo.App. E.D. 2005). The trial court abuses its discretion when a ruling is clearly against the logic of the circumstances before the court, and is so unreasonable and arbitrary that the ruling shocks the court's sense of justice and indicates a lack of careful consideration. *Id.*

*Resp't. Exh. H* at p. 304. The Appeals Court, reviewing the trial court record for prejudice, determined that the witness's statement did not constitute hearsay, and that the trial court did not abuse its discretion.

Because evidentiary rulings in state court are governed by state law, the only question for this Court's review in Ground 5 is whether the evidentiary ruling constituted a constitutional violation. *See Parker v. Bowersox*, 94 F.3d 458, 460 (8th Cir. 1996). "A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." *Id.* The Eighth Circuit has stated that "[r]ulings on the admission or exclusion of evidence in state trials rarely rise to the level of a federal constitutional violation." *Abdi v. Hatch,* 450 F.3d 334, 338 (8th Cir. 2006). Petitioner has failed to prove that the state court's decision to admit the evidence was so conspicuously prejudicial or of such a magnitude as to fatally infect the trial and deprive the defendant of due process. This court will defer to the state court's determination regarding the admission of the statement. Petitioner's fifth claim is denied.

## CONCLUSION AND CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. §2253, an appeal may not be taken to the court of appeals from the final order in a § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. §2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. *Id.* at §2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Wells' claims, so I will deny a Certificate of Appealability on all claims. Accordingly,

**IT IS HEREBY ORDERED** that petition of George Wells for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a Certificate of Appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2015.